## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE ROUGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FORESTERS FINANCIAL SERVICES, INC.; FORESTERS INVESTOR SERVICES, INC; FORESTERS LIFE INSURANCE AND ANNUITY COMPANY THE INDEPENDENT ORDER OF FORESTERS, A FRATERNAL BENEFIT SOCIETY, a/k/a FORESTERS FINANCIAL, FORESTERS, FORESTERS CARE, and HELPING IS WHO WE ARE; | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES Plaintiff, JOE ROUGA, by and through his attorneys, LAW OFFICES OF RAED SHALABI, LTD., and complaining of the Defendants, FORESTERS FINANCIAL SERVICES, INC., FORESTERS INVESTOR SERVICES, INC., FORESTERS LIFE INSURANCE AND ANNUITY COMPANY, THE INDEPENDENT ORDER OF FORESTERS, A FRATERNAL BENEFIT SOCIETY, a/k/a FORESTERS FINANCIAL, FORESTERS, FORESTERS CARE, HELPING IS WHO WE ARE.

## PARTIES

1. Plaintiff, Joe Rouga, is a resident of Cook County, Illinois.

2. Defendants, Foresters Financial Services, Inc., and Foresters Investor Services, Inc., Foresters Life Insurance and Annuity Company are corporations incorporated in the State of New York with their principal places of business located in the State of New York

3. Defendant, the Independent Order of Foresters is incorporated in Canada and its principal place of business is located in Toronto, Ontario, Canada.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this matter for breach of contract and statutory bad faith damages against Defendants because it issued and delivered insurance in Illinois to insure the life of a resident of Illinois, and it owes contractual obligations to an Illinois citizen as the beneficiary of its policy and because Defendants are corporations that regularly conduct business in Illinois.

5. Venue is proper in this Court because the beneficiary of the Defendants life insurance policy is a citizen residing in Cook County, Illinois.

## FACTS RELATED TO ALL COUNTS

6. Sia Ristick was born on December 5, 1964.

7. Sia Ristick was a resident of Cook County, Illinois.

8. Sia Ristick died on December 10, 2020.

9. Sia Ristick acquired and paid for life insurance from Defendants on or about September of 2018.

10. Certificate No. 8844958 insuring the life of Sia Ristick, named Joe Rouga, as the beneficiary of said life insurance policy.

11. The life insurance policy's death payment benefit on the life of Sia Ristick was four hundred thousand dollars ($400,000.00).

12. The life insurance policy states that the term period is 20 years.

13. The "certificate date" or "contract date" of the life insurance policy is, by its terms, September 21, 2018.

14. The "issue date" of the life insurance policy is defined by the life insurance policy as "same as certificate date."

15. The "issue date" if the life insurance policy, by its definition, is September 21, 2018.

16. The life insurance policy contained an incontestability clause that made a challenge to payment of death benefits incontestable 2 years after the "effective date" of the life insurance policy.

17. During the entire term of the life insurance policy the specific and binding term of the "certificate date" was not modified or amended.

18. During the entire term of the life insurance policy the specific and binding term of the "issue date" was not modified or amended.

19. All premiums for each year of coverage from the start of the term period on September 21, 2018 to the tragic death of Sia Ristick on December 10, 2020were paid in full.

20. The life insurance policy was incontestable on the date of Sia Ristick's death.

21. The life insurance policy was payable upon reasonable proof of Sia Ristick's death.

22. Shortly after the death of Sia Ristick, Joe Rouga, made a claim under the life insurance policy.

23. On or about April of 2021, Plaintiff provided all necessary information and evidence of Sia Ristick's death to the insurance agent, employed by Defendants.

24. On or about April of 2021, Defendants were in possession of reasonable evidence of Sia Ristick's death, including the death certificate for Sia Ristick.

25. Defendants did not state the basis for its need to verify the information provided.

26. Defendants, in bad faith, delayed payment, and instead insisted on verifying the

information even though the life insurance policy, by its own unique express terms, was incontestable two years after the "issue date' which was by the policy's own terms the date of September 21, 2018.

27. Defendants appointed adjudicator Ms. Brenda Arruda, to investigate the claim.

28. The Law Offices of Raed Shalabi, Ltd., sent Defendants a letter of representation on February 1, 2022, via fax, in which Defendants sent a confirmation of said letter shortly thereafter.

29. Plaintiff's attorneys from said law firm made several attempts to speak to Ms. Arruda, only to be directed to her voicemail, where several voicemails were left requesting her to return their phone calls.

30. After several failed attempts to reach Ms. Arruda attempts to speak to managerial staff or supervisors were made by Plaintiff's attorneys, which resulted in Defendants' customer service representatives stating they were "unavailable" to take calls at that time.

31. On or about February 22, 2022, Plaintiff and his attorneys received a letter indicating his claim was still under review and investigation.

32. Shortly thereafter, Plaintiff's attorneys called once more to speak to Ms. Arruda but the call was sent to voicemail again. Plaintiff's attorneys called again to speak to a customer service representative, where the customer service representative stated the review process and/or investigation would take about fifteen (15) days. After the fifteen (15) days passed Plaintiff still did not receive any updates.

33. Defendants continue to delay payment of the life insurance policy and refuse to pay the beneficiary proceeds due under said policy.

34. Defendants failed to notify Plaintiff of any possible coverage defense to the claim based upon any clause or provision of the policy.

35. Defendants failed to provide Plaintiff with a valid and reasonable reason as to why it did not pay the beneficiary proceeds due under the life insurance policy.

36. Defendants failed to explain to Plaintiff the basis of its investigation.

37. Defendants failed to explain to Plaintiff what information it had to verify.

38. Defendants refused to disclose the progress of its investigation and/or review for months and wrongfully refuses to make timely payment to Plaintiff as the beneficiary under the life insurance policy.

## COUNT I
## BREACH OF CONTRACT

39. Plaintiff realleges and incorporates herein paragraphs 1-38 above as though fully set forth in this Count I.

40. That at all relevant times hereto, Defendants owed Plaintiff a duty to investigate the Plaintiff's claim in good faith and to pay the benefits with regard to the life insurance policy.

41. That at all relevant times hereto, Defendants owed Plaintiff a duty to objectively investigate and evaluate the life insurance policy claim made by Plaintiff pursuant to the life insurance policy.

42. That Defendants breached this duty and breached its contract of insurance by the acts and omissions as described below:

   a. Failure to objectively investigate and evaluate claims;

   b. Unreasonable delay in payment of life insurance proceeds;

   c. Unreasonably refusing to pay proceeds in a timely manner despite a policy in effect at the time of the death of the decedent.

d. Unreasonable delay of the ultimate resolution of the claim and otherwise unreasonably and vexatiously denying Plaintiff's claim.

43. Defendants' actions, of delaying payment and failing to properly investigate Plaintiff's claim in a timely manner in breach of its life insurance policy contract, were vexatious, willful and unreasonable.

44. Due to Defendants' actions Plaintiff has suffered great harm and continues to suffer from great harm and damages.

45. As a direct and proximate result of the illegal and wrongful acts of Defendants, Plaintiff has been forced to institute and litigate this lawsuit, and has incurred and continues to incur attorneys' fees and costs.

**COUNT II**
**BAD FAITH INSURANCE PRACTICES**

46. The Plaintiff realleges and repleads paragraphs 1-45 above as though fully set forth herein.

47. Defendants are in violation of Illinois Statute 215 ILCS 5/154.6 that provides for certain acts that constitute "[a]cts constituting improper claims practices" such as the following acts or omissions:

a. Failing to acknowledge with reasonable promptness pertinent communications with Beneficiary with respect to his claim arising under the life insurance policy;

b. Failing to adopt and implement reasonable standards for the prompt investigations and settlement of claims arising under its policies;

c. Not attempting in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claim;

d. Compelling the Plaintiff to file this lawsuit to recover amounts due under the life insurance policy;

e. Failing and refusing to properly investigate the claim;

48. Due to Defendants' actions for failure to act reasonably in the investigation and handling of insurance claims by insureds and/or beneficiaries such as Plaintiff, Plaintiff may recover attorneys' fees and costs pursuant to 215 ILCS 5/155.

49. Plaintiff has been harmed and suffered damages by Defendants' violations of said statutes by not reasonably and properly investigating the insurance policy claim, through having to hire an attorney to prosecute this lawsuit, by loss of the payment of the benefits, and by other damages.

WHEREFORE, Plaintiff, Joe Rouga, the sole beneficiary of the life insurance policy, respectfully requests that this Court enter judgment in his favor and against Defendants in an amount sufficient to compensate him for his Claim in the amount of four hundred thousand dollars ($400,000.00), plus interest pursuant to the terms of the life insurance contract, plus attorneys' fees, costs and other such relief this Honorable Court deems appropriate.

Respectfully Submitted,

By: */s/Raed Shalabi*
Raed Shalabi
Law Offices of Raed Shalabi, Ltd.
12630 S. Harlem Ave.
Palos Heights, IL 60463
708.671.0800
raed@shalabilaw.com